## GENEVIEVE RADFORD *v.* JAMES H. MORRIS *v.* WILFRED A. RADFORD.

### No. 4837.

JULY 20, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE WONG IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

On May 9, 1965, the plaintiff, Genevieve Radford, suffered injuries in an automobile collision involving a car driven by her husband, Wilfred A. Radford, in whose car she was a passenger, and another driven by the defendant, James A. Morris.

The accident occurred at the intersection of Ala Moana Boulevard[1] and Hobron Lane[2] in Honolulu. The Ala Moana Boulevard, a through street, is divided into two separate highways consisting of three traffic lanes each. At the time of the collision there were no traffic lights[3] at the intersection. At both the makai and mauka intersections, erected signs directed traffic on Hobron Lane to stop before entering Ala Moana Boulevard.

The point of contact as agreed by both drivers was deemed "to be within the 2nd lane of the town-bound lanes of Ala Moana at a point 22 feet makai of the mauka prolongation of Hobron Lane."

Immediately prior to the accident, the defendant, driving on Hobron Lane, had stopped at the stop sign at the

---

[1] Ala Moana Boulevard at the site of the collision runs east to west, most commonly referred to in this area of Honolulu as Koko Head (meaning the mountain called Koko Head) to Ewa (meaning the District of Ewa).

[2] Hobron Lane runs north to south, referred to in this area of Honolulu as mauka (meaning mountain) to makai (meaning ocean).

[3] Construction of deceleration lanes was in progress, then. Traffic lights have now been installed.

makai intersection and entered Ala Moana Boulevard, intending to go across six lanes of traffic plus the medial strip on to Hobron Lane on the mauka of Ala Moana Boulevard. The collision occurred at a point above stated in the middle lane of the town-bound traffic lanes.

After the plaintiff instituted this action to recover damages from the defendant, the defendant filed a third-party complaint naming Wilfred A. Radford, the plaintiff's husband, as third party defendant. On the motion of the plaintiff, the third party complaint was dismissed.

The jury returned a verdict for the defendant and the trial court entered judgment accordingly. The plaintiff appealed on numerous points but we believe only two merit consideration.

### I.

*Whether the trial judge correctly charged the jury as to the party having the right-of-way.*

On this question the trial judge charged the jury as follows:

"Section 15.23 (10) of Article II of the Traffic Code of the City and County of Honolulu defines 'intersection' as follows:

The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.[4]

"Section 15-11.1 (1) of Article XI of the Traffic Code of the City and County of Honolulu provides that:

The driver of a vehicle approaching an intersection

---

[4] Defendant's Instruction No. 29.

shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.[5]

"Section 15-11.3(1) of Article XI of the Traffic Code of the City and County of Honolulu provides that:

The driver of a vehicle shall stop as required by this Traffic Code at the entrance to a through street and shall yield the right-of-way to other vehicles which have entered the intersection from said through street or which are approaching so closely on said through street as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through street shall yield the right-of-way to vehicle so proceeding into or across the through street."[6]

The judge refused to give plaintiff's requested Instruction No. 37 which reads:

"You are instructed that Section 15-9.10 of the Traffic Code of the City and County of Honolulu provides:

Whenever any highway has been divided into two or more separate roadways by medial strips, every vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over, across, or within any such medial strips except through an opening in such strips or at a crossover or intersection; provided, however, that a driver who enters such opening, crossover or intersection shall yield the right-of-way to approaching vehicles before emerging upon the adjacent roadway of such divided highway, unless otherwise instructed."

As charged by the trial judge, the defendant having stopped and yielded to the Koko Head-bound traffic, at

[5] Defendant's Instruction No. 72.

[6] Defendant's Instruction No. 28.

the makai intersection, could without regard for any town-bound traffic proceed across the mauka or town-bound traffic lanes of Ala Moana Boulevard. This was the very point of law that the defendant argued to the jury at the trial. Thus, he would not be required to stop at the opening at the medial strip or yield the right-of-way to the town-bound traffic.[7]

We believe § 15-11.3(1) was not intended to place this unreasonable burden on drivers traveling on a divided through highway. The duty should be upon a driver going across divided through highways to yield to traffic on the divided highways, first at the stop sign before entering the intersection to traffic on the divided highway going in one direction; then at the opening of the medial strip to traffic on the other portion of the divided highway going in the opposite direction. In other words, each section of the divided highway is to be considered a separate street. Thus, a street cutting across a divided highway would form two intersections. Under § 15-11.3(1) the defendant should have been required to first stop at the stop sign at the makai intersection and yield the right-of-way to Koko Head bound traffic on the Ala Moana Boulevard. Then he should have been required to yield the right-of-way before crossing the medial strip to town-bound traffic on the Ala Moana Boulevard. Courts in other jurisdictions have reached similar results in interpreting like statutes and ordinances. *See Geyer* v. *Milwaukee El. Ry. & Light Co.*, 230 Wis. 347, 284 N.W. 1 (1939); *Bartlett* v. *Hammond*, 76 Colo. 171, 230 P. 109 (1924); *Heintz* v. *Schenck*, 176 Wis. 562, 186 N.W. 610 (1922); *Pennington* v. *Carper*, 309 S.W.2d 596 (Mo. Sup. Ct. 1958).

---

[7] In this case it would have meant that the defendant having once stopped and yielded to the Koko Head-bound traffic, could travel a total distance of 98 feet. Firstly, across three lanes for Koko Head-bound traffic of 15 feet, 12 feet and 11 feet, respectively (from the curb); medial strip of the width of 20 feet; and then across three lanes for town-bound traffic of 15 feet, 11 feet and 14 feet, respectively, from the medial strip.

The plaintiff in support of Instruction No. 37 contends that § 15-9.10 was applicable to the defendant when he entered the intersection because Ala Moana Boulevard was a through street and therefore the intersection should be considered part of Ala Moana Boulevard; and that the defendant while driving in the intersection was operating his automobile on a divided highway. On the other hand, the defendant argues that the section is only applicable to a motorist driving on a divided highway and making a left turn at the intersection but was not applicable to the defendant in this case and, therefore, the trial judge did not err in refusing to read the section as an instruction requested by the plaintiff.

We disagree with the defendant and we hold that the section in question was applicable to the defendant. The section provides that on a divided highway a motorist shall drive on the right-hand roadway and that no vehicle shall be driven across a medial strip, except through an opening therein, or at a crossover or intersection. The "provided, however" provision of the section requires a driver who enters "such opening, crossover or intersection" to yield the right-of-way "to approaching vehicles before emerging upon the adjacent roadway of such divided highway." Here the defendant was at such a crossing point and *no matter how he got into that position,* he was required to yield the right-of-way to the town-bound traffic on the Ala Moana Boulevard.

It would lead to a ridiculous result to accept the defendant's contention that § 15-9.10 was only applicable to a driver driving on Ala Moana Boulevard making a left turn at the Ala Moana Boulevard-Hobron Lane intersection but not to the defendant who was attempting to cut across the Ala Moana Boulevard at the same intersection. We believe neither logic nor common sense justify the imposition of a duty only on a motorist who had been driving on the Ala Moana Boulevard in the Koko Head direc-

tion in making a left turn at the intersection involved here to yield the right-of-way to the town-bound traffic on the Ala Moana Boulevard but not to impose the same duty on a motorist driving across the Ala Moana Boulevard, makai to mauka, to yield the right-of-way to the town-bound traffic.

Thus, we hold that the trial judge erred when he gave defendant's requested instructions Nos. 28, 29 and 72 and refused to give Instruction No. 37 requested by the plaintiff.

At this point, we would admonish counsel against the practice of having statutes (whether in form of ordinance or otherwise) read as charges to the jury. The purpose of instructions is to present and explain to a jury the law of a case. This we believe can be better accomplished by non-legal and less formal instructions which may be more easily understood by laymen. *Sanford* v. *Nesbit,* 234 Iowa 14, 11 N.W.2d 695 (1943) ; *Batchelor* v. *Black,* 232 N.C. 314, 59 S.E.2d 817 (1950) ; *Louisville & Nash. R.R.* v. *King,* 131 Ky. 347, 115 S.W. 196 (1909).

## II.

*Whether the trial judge erred in his refusal to instruct the jury on the issue of concurrent negligence.*

Of course, as argued by the defendant, the basic issues of this case are whether the defendant was negligent and if so, was this negligence the proximate cause of plaintiff's injuries. However, it must be recognized that the defense in this case was that the negligence of Wilfred A. Radford, plaintiff's husband, the driver of the other automobile was the proximate cause of the injuries suffered by the plaintiff.

Plaintiff's requested Instruction No. 43 reads :

"If you find both the defendant James Morris and the plaintiff's husband, Wilfred Radford, negligent,

plaintiff is entitled to recover from the defendant dam-
ages for injuries proximately caused by the accident as
the negligence of her husband is not attributable to
her."

It correctly stated the law applicable to this case, and as
there was no other instruction on this question, the trial
judge therefore erred when he refused to give the instruc-
tion. *Gibo* v. *City and County*, 51 Haw. 299, 304 459 P.2d
198 (1969); *Nawelo* v. *Von Hamm-Young Co.*, 21 Haw.
644 (1913). Without the instruction the jury could erro-
neously assume that the concurring negligence of plain-
tiff's husband would absolve defendant's liability to plain-
tiff, even though the negligence of the defendant was one
of the proximate causes of her injuries. However, a third
party's negligence is not a defense unless such negligence
is the sole proximate cause of injuries.

The practical necessity for the instruction is brought
out by the question the jury submitted to the trial judge
to wit: "If we find the Defendant is Negligent to a small
Degree in comparison to Plaintiff should we find for De-
fendant or Plaintiff?"

It would appear from the question submitted, the jury
was concerned about the concurring negligence of Wilfred
A. Radford, plaintiff's husband the driver of the other
automobile. Here the negligence on the part of the plain-
tiff, a passenger in the other car, was not an issue and
the jury by "plaintiff" must have meant plaintiff's hus-
band.[8]

Reversed and remanded for a new trial.

*Harriet Bouslog* (*Bouslog & Symonds* of counsel) for
plaintiff-appellant.

*Wallace S. Fujiyama* (*Bert T. Kobayashi, Jr.* with
him on the brief, *Chuck & Fujiyama* of counsel) for de-
fendant-appellee.

---

[8] The trial judge and attorneys for both parties so interpreted the
use of the word "plaintiff" in the jury's question.