Hillsborough,
No. 6247.

NED MELCHER *v.* MODERN HOTEL INCORPORATED.

November 2, 1971.

*Upton, Sanders & Upton ( Mr. J. Gilbert Upton* orally ) for the plaintiff.

*Hall, Morse, Gallagher & Anderson ( Mr. G. Wells Anderson* orally ) for the defendant.

GRIMES, J. The issue before us is whether the stairway upon which plaintiff claims to have fallen could be found to be an " exit way " within the meaning of the Nashua Building Code and the National Building Code of 1955.

The plaintiff was a customer in defendant's restaurant. Between his main course and dessert, he was proceeding to the men's room which was at the foot of the flight of stairs in question. He

testified that when he approached the top of the stairs to descend to the men's room his foot slipped and he fell, causing injuries for which he seeks damages. There was a trial by jury with a view, resulting in a verdict for the defendant. Plaintiff's exceptions to the Court's charge were transferred by *Keller*, J. During the trial, experts for both parties testified regarding the requirements of the National Building Code relative to internal stairways. The Nashua Building Code required that buildings be provided with " exit facilities in accordance with the requirements set forth in Article VI of the 1955 Edition of the National Building Code . . . " which were made part of the Nashua ordinance.

The National Code defines an exit way as follows: " Exit way means the exit doorway or doorways, or such doorways together with connecting hallways or stairways, either interior or exterior, or fire escapes, by means of which occupants may proceed safely from a room or space to a street or to an open space which provides safe access to a street. " Sec. 601.1( b ).

Internal stairways are required under the National Code to have " a surface designed to limit the danger of slipping thereon. " Art VI, Sec. 604.1( c ). The latter provision would apply under the Nashua ordinance only to internal stairways which fall within the National Code definition of " exit ways. "

The trial court instructed the jury that he was ruling that the stairway in question was not an exit stairway and that any claim based on a violation of the Building Code was withdrawn from their consideration. He then instructed them on common-law negligence. Plaintiff had requested instructions relating to violations of the code and duly excepted to the court's failure to charge as requested.

The defendant operates a restaurant with several rooms at ground level. According to a plan which was an exhibit, one enters through a vestibule into a foyer. According to the scale of the plan, the vestibule is about 4' x 6' and the foyer is about 10' x 31'. The plan shows a doorway out of the foyer into the Revere Room where the cashier's desk is located just inside the doorway. Proceeding forward and turning left, one can pass through an archway into the Heritage Room, so-called, which is the room where plaintiff was seated for his meal. The stairway in question runs from the archway just mentioned to the rest rooms below ground. The stairs are covered with the same kind of nylon carpet as the floor of the room from which they descend. Plaintiff testified that as he approached the stairway to descend

to the men's room, his foot slipped and he fell. It had been his intention to return to his table to finish his dessert after visiting the men's room.

We hold that the trial court committed no error in withdrawing the question of the violation of the Building Code from the jury. Ascending the stairs, one may enter either the Heritage Room to the left or the room where the cashier is located to the right. There is no exit from the Heritage Room except through the Revere Room, and there is no exit from the Revere Room to a street except through the foyer. The stairway therefore does not in our opinion fall within the definition of an "exit way" as defined in the code.

Plaintiff argues that the stairway must be an exit way because the code requires that every "story" shall have at least one exit way. Sec. 602.1. Even if an "exit way" were required from this basement, the stairway in question does not meet the test for an exit way, as defined by the code because it does not lead to a "space which provides safe access to a street." Sec. 601.1( b ).

Plaintiff further contends that he was prejudiced because the trial court allowed the jury to hear evidence about the Building Code requirements and then withdrew the issue from them. He contends that this could only confuse and mislead the jury and that they may have decided that the court had exonerated the defendant from liability. We cannot uphold that contention. The court's charge clearly indicated that the defendant could be held liable for negligence, and we do not believe that the jury could have been misled into believing that the court had exonerated the defendant.

*Exceptions overruled; judgment for the defendant.*

All concurred.