Carroll,
No. 6355.

EVELYN T. LEMERY & a. v. O'SHEA DENNIS, INC.

May 31, 1972.

*James J. Kalled,* by brief and orally, for the plaintiffs, Evelyn T. and Everett T. Lemery.

*Devine, Millimet, McDonough, Stahl & Branch* and *Robert A. Backus* (*Mr. Backus* orally) for the defendant.

KENISON, C.J. The issue in this case is whether the trial court abused his discretion in refusing to permit plaintiff to introduce into evidence safety standards promulgated by the National Safety Council (1964).

The case arose as a result of a fall sustained on October 17, 1966, by Evelyn Lemery on department store premises owned and controlled by defendant, O'Shea Dennis Corporation. While leaving the store after shopping there, plaintiff fell from a step-down at the end of an exit ramp which sloped

from the store to the sidewalk. The ramp in question was eight feet and seven inches in length terminating at the step-down to the sidewalk. The step-down was four and a half to five inches in height as measured from the sidewalk to the top of the ramp. The evidence shows that plaintiff was not carrying any packages, that the day was clear and dry, and that she knew of the ramp-step-down exit arrangement from prior use. She stated her belief that she had fallen because she had "mis-judged the step."

Plaintiff's theory of liability in this action was that the defendant was negligent in failing to either eliminate the step-down in favor of a ramp which tapered directly to the sidewalk or to paint a stripe at the end of the ramp in order to contrast the step-off point of the ramp with the sidewalk below. At the trial of the case, plaintiff sought to introduce evidence, through one Norman Bolduc, an accident investigator, of certain standards relating to ramp construction promulgated by the National Safety Council (1964). The Trial Court (*Perkins,* J.) excluded this evidence and plaintiff subsequently made an offer of proof for the record. Trial by jury resulted in a verdict for the defendant and the plaintiff's exceptions were reserved and transferred.

The substance of plaintiff's offer was to introduce, solely on the standard of care to which the defendant was to be held, evidence that had the existing exitway been a ramp without a step-down, a so-called "true" ramp, the slope of said ramp would have been within permissible limits of standards promulgated by the National Safety Council (1964). Plaintiff intended that the evidence would show "one or two alternatives ... available to the defendant ... to the existing situation. ... ", the maintenance of which plaintiff contends was negligent.

There is no unalterable rule in this State on the admissibility of safety codes as evidence on a question of the applicable standard of care, though it has been concluded that such codes are not to be accepted as absolute standards having the force of law unless they have been incorporated into statutes or ordinances by either State or local legislative bodies. *See Murray* v. *Bullard Co.,* 110 N.H. 220, 226, 265 A.2d 309, 314 (1970); *Melcher* v. *Modern Hotel, Inc.,* 111 N.H.

345, 283 A.2d 895 (1971); RSA 47:22. This court has previously recognized, however, that standards embodied in safety codes might be of aid to the trial court or the jury on an issue of due care (*White Mountain Power Co.* v. *Whitaker,* 106 N.H. 436, 440, 213 A.2d 800, 803 (1965)) or as a means to test the knowledge of a party's "expert" witness. *Calley* v. *Railroad,* 92 N.H. 455, 459, 33 A.2d 227, 230-31 (1943). If the safety code sought to be admitted is merely informative or advisory and has been promulgated by an industry, governmental authority or voluntary association, we feel the trial court should, as is its custom, have broad discretion to pass upon its admissibility based on findings of relevancy, materiality and necessity. *Nordstrom* v. *White Metal Rolling & Stamping Corp.,* 75 Wash.2d 629, 453 P.2d 619 (1969); *see Davenport* v. *White Mountain Power Co.,* 92 N.H. 20, 24, 24 A.2d 274, 278 (1942).

We are aware that the majority of jurisdictions reject safety codes as evidence on hearsay grounds. Annot., 75 A.L.R.2d 778 (1961). A growing and modern minority, however, admit them as illustrative evidence of safety practices generally prevailing in a given community. 2 Harper and James, The Law of Torts *s.* 17.3 n.3 (1956, supp. 1968); 1 Jones, Evidence *s.* 158 nn.8.1, 8.2; *s.* 19.2 n.6.3 (5th ed. 1958, supp. 1971); Comment, Admissibility of Safety Codes, Rules and Standards in Negligence Cases, 37 Tenn. L. Rev. 581, 582 n.9 (1970). "This minority of jurisdictions views such standards as demonstrative of the present thinking in the field of safety, and a recognition and codification of customs and practices, rather than as substantive law or standards carrying the force of scientific truth." *Id.* at 582; *see Bouley* v. *Tilo Roofing Co.,* 90 N.H. 402, 10 A.2d 219 (1939); Philo, Use of Safety Standards, Codes and Practices in Tort Litigation, 41 Notre Dame Lawyer 1 (1965). When coupled with the safeguard of identification and a showing of general acceptance in the community or industry concerned by means of an expert witness, we think the minority position is the better view. *McComish* v. *De Soi,* 42 N.J. 274, 200 A.2d 116 (1964); Recent Tort Cases, 31 A.T.L.A.J. 280-86 (1965); 6 Wigmore, Evidence *s.* 1698, note 3, at 14 (3d ed. 1940, supp. 1970, at 9); *see* Proposed Federal Rules of Evidence R. 8-30(18) (1971).

Assuming, without deciding, that plaintiff's expert, Mr. Bolduc, was qualified to introduce and give his opinion upon the standards of the National Safety Council sought to be admitted (*Dowling* v. *Shattuck*, 91 N.H. 234, 17 A.2d 529 (1941)), the trial court was correct in its exclusion of them. There was no evidence before that court that the standards relating to the so-called "true ramp" had been promulgated by the council prior to the construction of the allegedly defective exitway or were findably of such a nature as to reasonably require alteration of existing structures. Such a showing would be required to establish the relevance of the recommendations as illustrative of safety standards then generally prevailing in the community. Therefore, they were not relevant. *Rodrigues* v. *Elizabethtown Gas Co.*, 104 N.J. Super. 436, 250 A.2d 408 (1969); *Dominick* v. *Brockton-Taunton Gas Co.*, 356 Mass. 669, 255 N.E.2d 370 (1970).

*Plaintiffs' exceptions overruled; judgment on the verdict.*

All concurred.