Hillsborough
No. 85-249

GENE R. MAILHOT *& a.*

v.

C & R CONSTRUCTION CO.

July 17, 1986

*Wiggin and Nourie*, of Manchester (*Richard B. McNamara* on the brief and orally), for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*John A. Lassey* and *Robert A. Casassa* on the brief, and *Mr. Lassey* orally), for the defendant.

PER CURIAM. These are related claims for personal injury and loss of consortium allegedly caused by the defendant's breach of a general contractor's duty to the employees of a subcontractor. The plaintiffs claim that the Superior Court (*Dalianis*, J.) erred in

charging the jury on the significance of an alleged violation of regulations issued by the Occupational Safety and Health Administration (OSHA). *See* 29 U.S.C. §§ 651–678 (1982). We affirm.

It is undisputed that OSHA regulations applied to the job site in question and provided safety requirements for the scaffolding that collapsed and led to injury. The trial judge instructed the jury that "failure to comply with these regulations may be considered by you as evidence of negligence." The plaintiffs assert that this was error and that the judge should have instructed that a violation of the regulations was "negligence per se." The plaintiffs thus seek a determination that an OSHA regulation has the force of statute for purposes of applying the rule that "[c]ausal violation of a statute is a legal fault." *Frost v. Stevens*, 88 N.H. 164, 167, 184 A. 869, 872 (1936); *see Bagley v. Controlled Environment Corp.*, 127 N.H. 556, 561, 503 A.2d 823, 826–27 (1986); *Moulton v. Groveton Papers Co.*, 112 N.H. 50, 52, 289 A.2d 68, 71 (1972). *Cf. Lemery v. O'Shea Dennis, Inc.*, 112 N.H. 199, 200–01, 291 A.2d 616, 617–18 (1972) (safety code not incorporated into statute or ordinance is merely evidence of appropriate standard of care). The record indicates, however, that the plaintiffs did not raise this issue at trial.

Among the plaintiffs' forty requests for instructions, six included language bearing on the present issue. Request 32 sought an instruction that "failure to comply with . . . OSHA regulations on scaffolding, is evidence of negligence. Therefore, in determining whether the defendant provided a reasonably safe work place, you may consider whether the defendant failed to comply with any of the OSHA regulations." Request 34 included similar wording. Request 35 sought an instruction that "failure to comply with [OSHA] regulations . . . is evidence of the . . . failure to provide a reasonably safe work environment. . . ." Request 36 included language that "[i]n determining whether the defendant provided a reasonably safe work place, you may consider whether the defendant failed to comply with . . . OSHA regulations." Requests 38 and 40 sought instructions that a failure to comply with OSHA regulations "is evidence of negligence."

After the trial judge instructed the jury that failure to comply with the OSHA regulations "may be considered by you as evidence of negligence," the plaintiffs' counsel excepted to the refusal to give his requests numbers 37 through 40 verbatim and excepted to the instruction "that the violation of OSHA regulations may be considered as evidence of negligence." He added, "We take the position that violation is evidence of negligence."

Neither exception raised the issue that the plaintiffs seek to lit-

igate on appeal. For purposes of charging the jury, neither an instruction that failure to comply "may be considered . . . as evidence of negligence" nor an instruction that a failure "is evidence of negligence" states that an OSHA violation constitutes legal fault. For all practical purposes, the plaintiffs got exactly the instruction that they requested. The record indicates that it was only by a motion for new trial, dated two days after verdict, that the plaintiffs asserted that the trial court should have instructed the jury that causal violation of a regulation was, without more, legal fault.

Having failed to raise or preserve a timely claim of error, the plaintiffs' exceptions are overruled. *See* SUPER. CT. R. 72 and *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

*Affirmed.*