583 A.2d 814

Dorothy DUNKLE, Administratrix of the Estate of Jack H. Rizor, deceased, and Dorothy Dunkle, in her own right, and Howard Rice, an individual, Appellants,

v.

WEST PENN POWER COMPANY, a corporation, and Robert Charles Paxton, Jr.

v.

RADIO SHACK, a DIVISION OF TANDY CORP., and/or Tandy Corporation, t/d/b/a Radio Shack.

Superior Court of Pennsylvania.

Argued Oct. 16, 1990.

Filed Dec. 4, 1990.

Reargument Denied Jan. 14, 1991.

Paul A. Tershel, Assistant Public Defender, Washington, for appellants.

Ingrid S.M. Lundberg, Pittsburgh, for Radio Shack, appellee.

336

Before ROWLEY, WIEAND and HUDOCK, JJ.

WIEAND, Judge:

The issue in this appeal is whether subsequently adopted Consumer Product Safety Commission standards, which contain no retroactive effect and no recall provisions, are relevant to show a failure to give adequate warnings at the time when a product was manufactured and sold. The trial court held that later adopted safety standards were irrelevant and excluded such evidence, and the jury found specifically that the television antenna sold by Tandy Corporation was not defective. After careful review, we find no error in the trial court's ruling and affirm the judgment entered on the verdict of the jury.

On September 23, 1983, Jack H. Rizor was killed and Howard Rice was injured when the antenna which they were moving from a house occupied by Robert Charles Paxton, Jr., came into contact with an electric power line owned by West Penn Power Company. In a subsequent action by Rice and Rizor's administratrix against Paxton and West Penn, Tandy Corporation, which had manufactured the antenna, was joined as an additional defendant. Prior to trial, a default judgment was entered against Paxton; and at trial, the jury found that West Penn had been 15% negligent, Paxton 36% negligent, and both Rizor and Rice 49%. The claim against Tandy was submitted to the jury solely on a theory of strict liability, and the jury, in response to a specific interrogatory, found that the antenna had not been defective. Post-trial motions were denied, and the plaintiffs' claims against West Penn were settled. With respect to the claim against Tandy, a judgment was entered on the verdict in its favor. The claimants appealed.

The antenna being moved by the claimant-appellants at the time when it came into contact with West Penn's power line had been sold in the spring of either 1977 or 1978. Consumer Product Safety Commission standards were published on June 29, 1978, and became effective on September 26, 1978, requiring instructions and warning labels not only

on CB base station antennas but also on outdoor television antennas and antenna supporting structures. These standards applied only to antennas manufactured, imported or sold after September 26, 1978 and contained no recall provisions for antennas previously manufactured. In 1982, additional standards were adopted and had application to antennas manufactured or imported after May 24, 1983. Appellant offered these standards at trial to show that Tandy's antenna was so defective as to require subsequent government intervention and regulation. The trial court, upon objection, excluded the evidence as irrelevant. Appellants contend that this was error.

■■■ A trial court has wide discretion in ruling on the relevancy of evidence, and its rulings thereon will not be reversed absent an abuse of discretion. See: *Leonard by Meyers v. Nichols Homeshield, Inc.*, 384 Pa.Super. 1, 557 A.2d 743 (1989); *Walasavage v. Marinelli*, 334 Pa.Super. 396, 483 A.2d 509 (1984); *Burch v. Sears, Roebuck and Co.*, 320 Pa.Super. 444, 467 A.2d 615 (1983). As a general rule, subsequently enacted regulations are irrelevant to establish an earlier duty of care. See: *Lemery v. O'Shea Dennis, Inc.*, 112 N.H. 199, 291 A.2d 616 (1972) (evidence of safety codes irrelevant absent evidence that they were promulgated prior to alleged negligent act); *Dominick v. Brockton–Taunton Gas Co.*, 356 Mass. 669, 255 N.E.2d 370 (1970) (evidence of 1963 safety standards irrelevant to show 1959 standard of care); *Rodriguez v. Elizabethtown Gas Co.*, 104 N.J.Super. 436, 250 A.2d 408 (1969) (subsequently published manual of safe practices irrelevant to establish duty of care). Similarly, in a strict liability action against the manufacturer of a product, safety standards promulgated *after* the sale of the product are irrelevant and inadmissible to show that the product was defectively designed or contained inadequate warnings when manufactured. *Oberreuter v. Orion Industries, Inc.*, 398 N.W.2d 206 (Iowa App. 1986). See: *Aller v. Rodgers Machinery Manufacturing Co., Inc.*, 268 N.W.2d 830 (Iowa 1978); *Rice v. James Hanrahan & Sons*, 20 Mass.App. 701, 482 N.E.2d 833

338

(1985); *Cover v. Cohen*, 61 N.Y.2d 261, 473 N.Y.S.2d 378, 461 N.E.2d 864 (1984); *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979). See also: *Majdic v. Cincinnati Machine Co.*, 370 Pa.Super. 611, 537 A.2d 334 (1988), *appeal denied*, 520 Pa. 594, 552 A.2d 249 (1988).

The decision in *Matsko v. Harley Davidson Motor Company, Inc.*, 325 Pa.Super. 452, 473 A.2d 155 (1984), is not to the contrary. In that case, the trial court had received in evidence a post-accident recall notice of the motorcycle involved in an accident. On appeal, it was argued that admission of the evidence was forbidden by the "subsequent repair" rule. A panel majority held that the evidence was relevant to show that the motorcycle had been defective. In the instant case, however, there had been no recall notice. The safety standard which appellants sought to introduce was, by its express terms, to have application to antennas manufactured in the future. The warning requirements contained therein had no retroactive application, and there was no suggestion that antennas previously manufactured and sold should be recalled. Such a regulation, therefore, had no relevancy in determining whether the antenna being moved by appellants was defective when manufactured because it did not have attached thereto a warning against permitting it to come into contact with electrical power lines.

A warning sticker had been placed on the mast section of the antenna assembly and stated: "DANGER: WATCH FOR WIRES. You can be *KILLED* if this Antenna comes near electric power lines. READ INSTRUCTIONS." Howard Rice testified that there were electric lines in the vicinity and that he was aware of the danger of electrocution if the antenna hit the wires. Under these circumstances, a jury could readily find that the antenna was not defective because of the absence of a warning on the antenna itself. That warnings were later required to be attached to the antenna itself was irrelevant to aid in

determining whether the antenna in this case was defective when manufactured.

Judgment affirmed.