**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0067, <u>Eugene Gaudreau & a. v. Wal-Mart Stores, Inc. & a.</u>, the court on October 26, 2017, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Eugene Gaudreau and Francine Hart, appeal the order of the Superior Court (<u>Anderson</u>, J.) denying their motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, to set aside the verdict, following a jury trial and verdict in favor of the defendants, Wal-Mart Stores, Inc., and Wal-Mart Real Estate Business Trust, on the plaintiffs' negligence claim. The plaintiffs argue that the trial court erred in denying their motion because the evidence conclusively established that the defendants' negligent clean-up of a water spill in their store caused plaintiff Eugene Gaudreau (Gaudreau) to slip and fall or, in the alternative, that the jury's verdict was against the weight of the evidence. They also argue that the trial court erred in ruling that the evidence was conflicting as to whether, at the time of Gaudreau's fall, there was a store policy or protocol in place that required employees to check the adjacent aisle after cleaning up a spill.

"A party is entitled to JNOV only when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand." <u>Akwa Vista v. NRT</u>, 160 N.H. 594, 598 (2010). "In deciding whether to grant the motion, the trial court cannot weigh the evidence or inquire into the credibility of witnesses." <u>Id</u>. "If the evidence adduced at trial is conflicting, or if several reasonable inferences may be drawn, the court must deny the motion." <u>Id</u>. "Our standard of review of a trial court's denial of a motion for JNOV is extremely narrow." <u>Id</u>.

The trial court may grant a motion to set aside the jury's verdict when it is "conclusively against the weight of the evidence," which means that the verdict "must be one no reasonable jury could return." <u>George v. Al Hoyt & Sons, Inc.</u>, 162 N.H. 123, 133 (2011). "We will not overturn the trial court's decision on a motion to set aside the verdict unless it is without evidence or an unsustainable exercise of discretion." <u>Id</u>.

The record shows that Gaudreau was walking in the bread and fruit aisle in the defendants' store when he slipped in a puddle of water and fell to the

floor. Approximately fifteen minutes earlier, store employees had become aware of a spill in the adjacent aisle and had completed their clean-up of the spill several minutes prior to Gaudreau's fall. The plaintiffs argue that they conclusively proved that the defendant's negligent clean-up of the spill in the adjacent aisle caused Gaudreau's fall. At trial, the defendants argued that the puddle did not form in the bread and fruit aisle until shortly before, or immediately before, Gaudreau fell. Video evidence showed customers and employees walking through the area where Gaudreau fell minutes before he fell. Their movements were inconsistent with the existence of a large puddle of water in the aisle. The jury could have inferred that the puddle that caused Gaudreau to fall did not form until minutes before or immediately before his fall. Thus, the plaintiffs' theory that the water puddle in the bread and fruit aisle was caused by the negligent clean-up of the spill that occurred approximately fifteen minutes earlier in the adjacent aisle was not the sole reasonable inference that the jury could have drawn from the evidence. See Akwa Vista, 160 N.H. at 598. Nor can we conclude, upon this record, that the inferences drawn in the defendants' favor were conclusively against the weight of the evidence. Al Hoyt & Sons, Inc., 162 N.H. at 133.

The plaintiffs next argue that they conclusively proved that the defendants violated their safety policies and protocols by cleaning up the spill in the adjacent aisle without checking to determine whether it had migrated into the bread and fruit aisle. The defendants' assistant manager testified that no such policy or protocol existed at the time of Gaudreau's fall. The testimony of the defendants' safety manager was unclear as to whether such a policy existed. There was no evidence that any such policy or protocol existed in written form. Accordingly, the jury could have reasonably inferred that no such policy or protocol existed. Thus, the plaintiffs' theory that the defendants violated their safety policies and protocols was not the sole reasonable inference that the jury could have drawn from the evidence. Nor can we conclude, upon this record, that the jury verdict was conclusively against the weight of the evidence. Moreover, even if the plaintiffs had conclusively proven that the defendants violated their safety policies and protocols, such a violation would constitute evidence of negligence, not conclusive proof of negligence. Lemery v. O'Shea Dennis, Inc., 112 N.H. 199, 200 (1972). Accordingly, we conclude that the trial court did not err in denying the motion for JNOV or, in the alternative, to set aside the verdict. See Akwa Vista, 160 N.H. at 598; Al Hoyt & Sons, Inc., 162 N.H. at 133.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2