STEPHEN HAO, SR., and NORA HAO, Plaintiffs-Appellants/Cross-Appellees, *v.* OWENS-ILLINOIS, INC., an Ohio corporation, Defendant-Appellee/Cross-Appellant, and JOHNS-MANVILLE SALES CORPORATION, formerly known as JOHNS-MANVILLE PRODUCTS CORPORATION, a Delaware corporation, also formerly known as JOHNS-MANVILLE CORPORATION, a New York corporation; RAYBESTOS-MANHATTAN, INC., a Connecticut corporation; FIBREBOARD CORPORATION, formerly known as FIBREBOARD PAPER PRODUCTS CORPORATION, a Delaware corporation, COMBUSTION ENGINEERING, INC., a Delaware corporation; OWENS-CORNING FIBER GLASS CORPORATION, a Delaware corporation; EAGLE-PICHER INDUSTRIES, INCORPORATED, an Ohio corporation; PITTSBURGH CORNING CORPORATION, a Pennsylvania corporation; UNARCO INDUSTRIES, INCORPORATED, an Illinois corporation, formerly known as UNION ASBESTOS AND RUBBER COMPANY, a Delaware corporation; CELOTEX CORPORATION, a Delaware corporation, formerly known as PANACON CORPORATION, formerly known as BRIGGS MANUFACTURING COMPANY, and PHILIP CAREY CORPORATION, a Pennsylvania corporation; A, C and S, a Delaware corporation, formerly known as ARMSTRONG CONTRACTING AND SUPPLY CORPORATION, a Delaware corporation; STANDARD ASBESTOS MANUFACTURING AND INSULATING COMPANY, a Missouri corporation; RUBEROID COMPANY, a Delaware corporation; FORTY-EIGHT INSULATION, INC., an Illinois corporation; NICOLET INDUSTRIES, INC., a Pennsylvania corporation; GAF CORPORATION, a Delaware corporation; SOUTHERN ASBESTOS COMPANY, a Delaware corporation; J. P. STEVENS, INC., a Delaware corporation; DELAWARE ASBESTOS AND RUBBER COMPANY, a Pennsylvania corporation; PACOR, INC., a Pennsylvania corporation; H. K. PORTER, CO., INC., a Delaware corporation; AMATEX CORPORATION, a Pennsylvania corporation; KEENE CORPORATION, a Delaware corporation; ARMSTRONG CORK COMPANY, a

Pennsylvania corporation; CAREY CANADIAN MINES, LTD., a foreign corporation; ALOHA STATE SALES COMPANY, INC., a Hawaii corporation, and DOE ONE THROUGH DOE ONE HUNDRED, Inclusive, Defendants

NO. 11184

(CIVIL NO. 58150)

JUNE 10, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Plaintiffs-Appellants/Cross-Appellees Stephen and Nora Hao ("the Haos") seek review of the jury verdict and judgment disposing of the case in favor of Defendants-Appellees/Cross Appellants

Owens-Illinois, Inc. ("Owens-Illinois"). Among the errors alleged on appeal[1] and cross-appeal,[2] we address two: whether the lower court erred in applying our modified comparative negligence statute to defeat Plaintiffs' suit because Mr. Hao was found more responsible for his injuries than all the defendants combined, and whether the lower court erred in refusing to order a new trial to determine the relative fault of Mr. Hao's employer, the United States Navy.

We reverse the lower court as to the first ground and affirm as to the second.

## I.

Stephen Hao, Sr., was a Pearl Harbor shipyard worker from 1939 to 1970. While working at the shipyard Hao was exposed to asbestos dust and fibers. He was also a smoker, consuming between a pack-and-a-half and three packs of cigarettes a day. He eventually developed several different asbestos-related diseases.

In 1979, the Haos sued numerous manufacturers and distributors of asbestos products.[3] They did not, however, join Mr. Hao's employer, the United States Navy. After extensive settlement discussion, the Haos settled with all Defendants, except Owens-Illinois. The case went to trial against Owens-Illinois on claims that Owens-Illinois manufactured a defective product and negligently failed to warn of the dangers associated with exposure to asbestos dust and fibers.

---

[1] Since we conclude the lower court erred in applying the modified comparative negligence statute, we need not reach the other issue raised by the Haos as to whether there was sufficient evidence before the jury concerning Mr. Hao's knowledge of the synergistic effect of inhaling cigarette smoke and asbestos dust and fibers.

[2] On cross-appeal, Owens-Illinois attacks the lower court's order modifying the previous pre-trial orders permitting disclosure "of the amount of settlement with respect to each settling defendant." The modifying court order prevented an "individual breakdown of each settling party's share," but permitted disclosure of the total amount in settlements reached. We conclude there was no abuse of discretion in modifying the earlier orders. *Cf. Matsushita v. Container Home Supply, Inc.,* 6 Haw. App. ____, ____, 726 P.2d 273, 276 (1986).

[3] The Haos filed a second amended complaint on August 25, 1980.

At the conclusion of trial in 1985, a special verdict form was used to organize the jury verdict. It contained the names of Owens-Illinois, 22 other defendants, and Stephen Hao. The returned verdict form read in pertinent part:

3. [W]as Owens-Illinois' negligence [in the manufacture, distribution, sale and/or supply of asbestos products] a substantial factor in bringing about any of Mr. Hao's claimed illnesses? ... Yes

.   .   .   .

5. [W]ere the products containing asbestos manufactured, distributed, sold or supplied in a defective condition? [Yes]

6. [W]as Owens-Illinois' defective product a substantial factor in bringing about any of Mr. Hao's claimed illness? ... Yes

.   .   .   .

9. Was the conduct of the United States Navy a superseding cause of Mr. Hao's claimed illnesses? ... No

10. Was Mr. Hao negligent in smoking cigarettes? ... Yes

11. If your answer to Question 10 is "yes," did the negligence of Mr. Hao in smoking cigarettes contribute as a substantial factor in bringing about any of his claimed illnesses? ... Yes

12. If your answer to Question 11 is "yes," please state with a percentage figure ... the degree of Mr. Hao's responsibility for his claimed illnesses.

13. If you have answered "yes" [to questions regarding the liability of] any of the Defendants, then for those Defendants, please state with a percentage figure ... the degree of responsibility of those Defendants for Mr. Hao's claimed illnesses[.]

Total damages were assessed at $256,000. The jury found Mr. Hao to be 51 per cent responsible for his illnesses and the combined responsibility of the Defendants to be 49 per cent. Owens-Illinois was adjudged to have been only two per cent responsible for Mr. Hao's illnesses. The trial court entered judgment for Owens-Illinois.

## II.

The Haos allege the trial court erroneously entered judgment in favor of Owens-Illinois rather than merely reducing the Haos' award by the percentage of Mr. Hao's negligence. Citing *Kaneko v. Hilo Coast Processing*, 65 Haw. 447, 654 P.2d 343 (1982), they argue that in holding that comparative negligence principles apply to products liability claims, we intended "pure"[4] comparative negligence principles to apply. In contrast, Owens-Illinois argues adoption of pure comparative negligence in this area is preempted by our legislature's adoption of modified comparative negligence in Hawaii Revised Statutes ("HRS") § 663-31 (1985).[5]

---

[4] Pure comparative negligence has been explained thus:

In this form, a plaintiff's contributory negligence does not operate to bar his recovery altogether, but does serve to reduce his damages in proportion to his fault. The system in this form is designed to compensate an injured party for all of the harm attributable to the wrongdoing of the defendant; when multiple defendants are involved, all are liable to the plaintiff for their respective shares of the loss, even though some may have been less negligent than he. Except for West Virginia, all of the states which have adopted comparative neligence by judicial opinion have opted for the flexibility and relative simplicity of "pure" comparative negligence. (Footnotes omitted).

W. P. Keaton, *Prosser and Keaton on The Law of Torts* § 67, at 472 (5th ed. 1984). *See also* 4 F. Harper, F. James & O. Gray, *The Law of Torts* § 22.15 (2d ed. 1986).

[5] Hawaii Revised Statutes § 663-31 (1985) provides:

Contributory negligence no bar; comparative negligence; findings of fact and special verdicts. (a) Contributory negligence shall not bar recovery in any action by any person or the person's legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.

(b) In any action to which subsection (a) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:

(1) The amount of the damages which would have been recoverable if there had been no contributory negligence; and

(2) The degree of negligence of each party, expressed as a percentage.

(c) Upon making of the findings of fact or the return of a special verdict, as is contemplated by subsection (b) above, the court shall reduce the amount of the award in proportion to the amount of negligence attributable to the person for

We recently addressed this issue in *Armstrong v. Cione,* 69 Haw. ____, 738 P.2d 79 (1987). We concluded that our decision in *Kaneko v. Hilo Coast Processing,* 65 Haw. at 459-64, 654 P.2d at 351-54, does not require application of our modified comparative negligence statute. *Armstrong,* 69 Haw. at ____, 738 P.2d at 83. We now hold that pure comparative negligence principles apply to strict products liability claims. Thus, Hao's negligence reduces but does not defeat his claim sounding in strict products liability, even though his responsibility for the damages was determined to be greater than that of the defendants.[6]

### III.

The Haos also urge this court to "remand[] for at least a partial new trial on the issue of apportionment to include the apportioning of the conduct of the United States Navy as the employer of Hao when determining . . . comparative negligence." As they point out, the jury on the special verdict form found Hao's employer, the United States Navy, failed to supply a safe work place.

In *Espaniola v. Cawdrey Mars Joint Venture,* 68 Haw. ____, 707 P.2d 365 (1985), we reversed a grant of summary judgment to a cross-claimed employer that concluded the Hawaii Workers' Compensation Law prevented any third-party contractual liability assumed by the employer. In giving further guidance to the lower court after remand, we directed the lower court to allow determination of the "causal negligence, not liability" of the absent employer. *Id.* at ____, 707 P.2d at 373. In the present action, no cross-claim against the United States Navy was made. We refuse to extend to the instant case that portion of the *Espaniola* decision which permitted apportionment of the causal negligence to an absent cross-claimed employer.

---

whose injury, damage or death recovery is made; provided that if the said proportion is greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, the court will enter a judgment for the defendant.

(d) The court shall instruct the jury regarding the law of comparative negligence where appropriate.

[6] We make no determination as to the correct method of presentation to the jury of the comparative liability of the plaintiff[s] and defendant[s].

## IV.

Accordingly, the judgment of the lower court is affirmed in part and reversed in part. We remand for entry of judgment not inconsistent with this opinion.

*Gary O. Galiher (L. Richard DeRobertis* with him on the briefs; of counsel, *Gary Galiher & Associates)* for Plaintiffs-Appellants/Cross-Appellees Stephen K. Hao, Sr., and Nora Hao.

*Jerold T. Matayoshi (Burnham H. Greeley* with him on the briefs; of counsel, *Greeley, Walker & Kowen)* for Defendant-Appellee/ Cross-Appellant Owens-Illinois, Inc.