954 P.2d 644 (1998)
87 Hawai`i 265
Betty J. OZAKI, Individually and as special Administrator of the Estate of Cynthia J. Dennis, Deceased, and Teruko K. Dennis, Plaintiffs-Appellants,
v.
ASSOCIATION OF APARTMENT OWNERS OF DISCOVERY BAY; Timothy W. Walker; Peter Moli Sataraka, Defendants-Appellees, and
Does 1-20; Doe Partnerships 1-20; Doe Corporations 1-20; and Doe Governmental Entities 1-20, Defendants.
No. 19194.
Supreme Court of Hawai`i.
April 14, 1998.
As Clarified by Amendment May 4, 1998.
*645 Colbert M. Matsumoto and Michael N. Tanoue, Matsumoto LaFountaine & Chow, on the briefs, Honolulu, for petitioners-appellees AOAO Discovery Bay and Timothy W. Walker.
David C. Schutter and Mitchell S. Wong, David C. Schutter and Associates, on the briefs, Honolulu, for respondents-appellants Betty J. Ozaki, Individually and as Special Administrator of the Estate of Cynthia J. Dennis, Deceased, and Teruko K. Dennis.
Thomas E. Cook and Steven Y. Otaguro, Lyons, Brandt, Cook & Hiramatsu, on the briefs, Honolulu, for Amicus Curiae Hawaii Insurance Council.
Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.
LEVINSON, Justice.
The defendants-appellees-petitioners Association of Apartment Owners of Discovery Bay and Timothy W. Walker (collectively, Discovery Bay) have applied for a writ of certiorari from the decision of the Intermediate Court of Appeals (ICA) in Ozaki v. AOAO Discovery Bay, 87 Hawai`i 280, 954 P.2d 652 (App.1998) [hereinafter, the "ICA's decision"], which reversed the circuit court's judgment and order granting Discovery Bay's motion for final judgment pursuant to a special verdict. The issue presented is whether the intentional tort of a co-defendant deprives a defendant, against whom only negligence is alleged, of the protection of the modified comparative negligence rule set forth in Hawai`i Revised Statutes (HRS) § 663-31 (1993).[1] Discovery Bay argues that the ICA's holding that HRS § 663-31 "`applies only in actions which sound entirely in negligence'" constitutes a grave error of law. See ICA's decision, at 287, 954 P.2d at 659. We agree.

I. BACKGROUND

On July 4, 1990, Cynthia Dennis was murdered by Peter Sataraka, her estranged boyfriend, in her apartment in the Discovery Bay condominium complex (the condominium). ICA's decision, at 283, 952 P.2d at 655. On the night before the murder, Sataraka and Dennis had engaged in a confrontation at a nightclub. Id. When Dennis left the nightclub without him, Sataraka proceeded to the condominium, where he and Dennis had lived together briefly prior to the incident. Id. at 283, 954 P.2d at 655. After Dennis failed to respond to Sataraka's attempt to contact her by "enterphone,"[2] Sataraka asked the security guard, Walker (who had frequently observed Sataraka entering the building with a key and/or in Dennis's company), to admit him into the building. Id. at 283, 954 P.2d at *646 655. After entering, Sataraka discovered that Dennis was not in her apartment; he therefore returned to the lobby and conversed with Walker. Id. After Walker concluded his shift, Sataraka informed Walker's replacement that he was "waiting for his girlfriend." Id. at 284, 954 P.2d at 656. Dennis arrived home a short time later and encountered Sataraka, who followed her into her apartment. Id. Dennis was found dead in her condominium the next day. Sataraka was thereafter tried and convicted of her second degree murder. Id.
Dennis's sister, Betty Ozaki, and mother, Teruko Dennis, (collectively, the plaintiffs) filed a complaint against Discovery Bay and Sataraka seeking, inter alia, general, special, and punitive damages for (1) physical, mental, and emotional pain and suffering, lost future net excess earnings, and loss of the pleasure of being alive on behalf of the estate and (2) emotional and mental distress, loss of consortium, and pain and suffering arising out of Dennis's death on behalf of Teruko Dennis.[3]Id. at 283-284, 284, 954 P.2d at 655-656. The complaint alleged that Discovery Bay had been negligent in providing security and that Walker had been negligent in "`allowing [Sataraka] through a security door and onto an elevator ... which lead to [Dennis's] apartment.'" Id. at 284, 954 P.2d at 656. (some brackets in original and some added).
A jury found that the negligence of both Discovery Bay and Dennis had been causes of her death. In a special verdict, the jury apportioned ninety-two percent of the total fault to the intentional conduct of Sataraka, five percent to the negligent conduct of Dennis, and three percent to the negligent conduct of Discovery Bay. Id. at 284-285, 954 P.2d at 656-657. Discovery Bay moved for entry of final judgment in its favor pursuant to the special verdict, arguing that, because Dennis's negligence was greater than its own, recovery from Discovery Bay should be barred by HRS § 663-31. Id. at 285, 954 P.2d at 657. The plaintiffs countered that (1) because one of the tortfeasors had acted intentionally, Dennis's negligence could not be compared to the negligence of Discovery Bay pursuant to HRS § 663-31, (2) the jury should not have compared Dennis's negligence to Sataraka's intentional misconduct, and (3) notwithstanding the jury's determination of Dennis's greater negligence, Discovery Bay should be jointly and severally liable with Sataraka for all of Dennis's damages. Id.
On June 22, 1994, the circuit court heard arguments on the motion and orally ruled as follows:
"The Court at this time will note that the intent of the Legislature was to have... tort reform be in place. So, therefore, the Court at this time will rely on [HRS § ] 663-31[ (c)] and will reduce the amount of the award in proportion to the amount of negligence attributable to Cynthia Dennis.
....
... Based upon these special verdict forms, because ... the plaintiff[] Cynthia Dennis' negligence was greater than the negligence of [Discovery Bay], the Court at this time will enter judgment in favor of [Discovery Bay]."
Id. at 285, 954 P.2d at 657. Accordingly, on July 21, 1995, the circuit court entered final judgment (1) in favor of Discovery Bay and against the plaintiffs and (2) in favor of the plaintiffs and against Sataraka on all counts. Id.
The plaintiffs filed a timely appeal, which we assigned to the ICA. The plaintiffs maintained that (1) the circuit court had erred in allowing the jury to apportion fault among Sataraka, Discovery Bay, and Dennis, (2) HRS § 663-31 did not bar recovery against Discovery Bay because negligence was not the sole theory of liability alleged in the complaint, and (3) apportionment was unnecessary because Sataraka and Discovery Bay were jointly and severally liable pursuant to *647 HRS § 663-10.9 (1993).[4]Id. at 286, 954 P.2d at 658. Discovery Bay, on the other hand, argued that (1) apportionment of fault was necessary to determine (a) the contribution to which it was due from Sataraka under the doctrine of joint and several liability and (b) whether Dennis's negligence exceeded Discovery Bay's so as to preclude recovery from Discovery Bay pursuant to HRS § 663-31, and (2) while Discovery Bay was jointly and severally liable for "economic damages" pursuant to HRS § 663-10.9, it was not jointly and severally liable for "noneconomic damages" pursuant to that statute. Id. at 286, 954 P.2d at 658.
In sum, the ICA reasoned that: (1) application of HRS § 663-31 is limited to cases in which negligence is the only alleged basis of liability; (2) HRS § 663-31 did not apply to the present matter, and the plaintiffs' recovery was therefore determined by principles of pure comparative negligence; (3) Discovery Bay and Sataraka were joint tortfeasors, as defined by HRS § 663-11, see supra note 4; (4) HRS § 663-10.9, see supra note 4, which abolished joint and several liability, expressly excluded both economic and noneconomic damages from its provisions in actions "involving" intentional torts; (5) because an intentional tort was alleged as to Sataraka, HRS § 663-10.9(2) governed the facts of the case; (6) HRS § 663-10.9(3), which limits the liability of joint tortfeasors whose negligence is found to be less than twenty-five percent of the total negligence assigned, did not apply to Discovery Bay because the present case was an "action involving intentional torts," within the meaning of HRS § 663-10.9(2); and (7) Discovery Bay and Sataraka were therefore jointly and severally liable both for the economic and noneconomic damages proved by the plaintiffs, subject only to a reduction in the amount of Dennis's proportionate share of the total fault. Id. at 286-293, 954 P.2d at 658-665.
In its decision, the ICA: (1) vacated the circuit court's judgment and order granting Discovery Bay's motion for final judgment pursuant to the special verdict and remanded to the circuit court for the entry of "judgment jointly and severally against Sataraka and Discovery Bay and in favor of [the] [p]laintiffs, the judgment against Sataraka and Discovery Bay to be proportionately reduced by the amount of [Dennis's] negligence"; (2) vacated the circuit court's orders pertaining to certain evidentiary issues as they related to the claims of Dennis's estate and remanded the matter for a new trial; and (3) affirmed the foregoing orders as to Teruko Dennis's claims and as to the dismissal of the punitive damages claim against Discovery Bay. Id. at 300, 954 P.2d at 672.
We granted Discovery Bay's timely petition for a writ of certiorari.

II. STANDARD OF REVIEW

"[T]he interpretation of a statute... is a question of law reviewable de novo." State v. Arceo, 84 Hawai`i 1, 10, 928 P.2d 843, 852 (1996) (quoting State v. Camara, 81 Hawai`i 324, 329, 916 P.2d 1225, 1230 (1996) (citations omitted)). See also State v. Toyomura, 80 Hawai`i 8, 18, 904 P.2d 893, 903 (1995); State v. Higa, 79 Hawai`i 1, 3, 897 P.2d 928, 930, reconsideration *648 denied, 79 Hawai`i 341, 902 P.2d 976 (1995); State v. Nakata, 76 Hawai`i 360, 365, 878 P.2d 699, 704, reconsideration denied, 76 Hawai`i 453, 879 P.2d 558 (1994), cert. denied, 513 U.S. 1147, 115 S.Ct. 1095, 130 L.Ed.2d 1063 (1995).
Estate of John Doe v. Paul Revere Ins. Group, 86 Hawai`i 262, 270, 948 P.2d 1103, 1111 (1997) (quoting Gray v. Administrative Dir. of the Court, 84 Hawai`i 138, 144, 931 P.2d 580, 586 (1997)) (brackets and ellipsis points added). "`When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.'" Id. (quoting Gray, 84 Hawai`i at 148, 931 P.2d at 590).

III. DISCUSSION

We deem it necessary to address the accuracy of the following portion of the ICA's decision:
We begin with an examination of HRS § 663-31. HRS § 663-31 provides, in pertinent part, that:
(a) Contributory negligence shall not bar recovery in any action by any person or the person's legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person, or in the case of more than one person, the aggregate negligence of such persons against whom recovery was sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.
(b) In any action to which [subsection] (a) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:

(1) The amount of damages which would have been recoverable if there had been no contributory negligence; and
(2) The degree of negligence of each party, expressed as a percentage.
(c) Upon the making of the findings of fact or the return of a special verdict, as is contemplated by subsection (b) above, the court shall reduce the amount of the award in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made; provided that if the said portion is greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, the court will enter judgment for the defendant.

(Emphases added.) Prior to the adoption of HRS § 663-31, a plaintiff's contributory negligence was a complete bar to recovery. Pacheco v. Hilo Elec. Light Co., 55 Haw. 375, 382, 520 P.2d 62, 67 (1974).
However, HRS § 663-31 abolished this common law doctrine in the interest of fairness and barred a plaintiff's recovery only "if the plaintiff's negligence [was] greater than the negligence of all defendants involved." Id. (emphasis added).
In our view, HRS § 663-31 applies only in actions which sound entirely in negligence. Our supreme court has held that HRS § 663-31 would not be applied to bar recovery where a plaintiff's negligence combined with a defendant's strict products liability to cause the plaintiff's injury. Hao v. Owens-Illinois, Inc., 69 Haw. 231, 236, 738 P.2d 416, 418-19, reconsideration granted, 69 Haw. 674, 738 P.2d 416 (1987); Armstrong v. Cione, 69 Haw. 176, 180-81, 738 P.2d 79, 82 (1987); Kaneko v. Hilo Coast Processing, 65 Haw. 447, 654 P.2d 343 (1982). In determining that HRS § 663-31 would not apply in such situations, the supreme court concluded that "the plain meaning of the words of [HRS § 663-31] indicates the legislature has not intended to reach [the] area of [strict products liability]." Armstrong, 69 Haw. at 180, 738 P.2d at 82.
HRS § 663-31(a) applies "in actions ... for negligence." Under the statute the plaintiff's negligence is measured against the "negligence of the [other] person or in the case of more than one person, the *649 aggregate negligence of such persons against whom recovery is sought." HRS § 663-31(a) (emphasis added). Thus, the premise of HRS § 663-31 is that, "in the action," recovery is against defendants whose liability is based on negligence. This construction appears to be confirmed in HRS § 663-31(b) and (c) which provide that in "any action to which [HRS § 663-31](a) applies" the court is directed to "enter judgment for the defendant[s]" when the plaintiff's negligence "is greater than... the aggregate negligence of such persons against whom recovery is sought." HRS §§ 663-31(b) and (c) (emphasis added). Again, the statutory language contemplates that the "action to which [HRS § 663-31] applies" is one in which the defendants concerned were "negligent." As a result, we believe the plain meaning of the words of HRS § 663-31 restricts its application to actions wholly in the nature of negligence.
ICA's decision, at 286-287, 954 P.2d at 658-659 (some brackets added and some in original) (footnote omitted).
The ICA's conclusion that HRS § 663-31 applies only to actions sounding entirely in negligence is based on a misapprehension of this court's decisions in Hao, Armstrong, and Kaneko. Relying on this court's view that "the plain meaning of the words of [HRS § 663-31] indicates the legislature has not intended to reach [the] area of [strict products liability]," the ICA reasoned that HRS § 663-31 would not apply in any action in which negligence was not the only theory of liability pled.
Hao, Armstrong, and Kaneko are, however, distinguishable from the present matter. In each of those cases, negligence was only one of several theories of liability asserted against the same defendant or group of defendants; accordingly, we held that the provisions of HRS § 663-31 applied only to the plaintiffs' contributory negligence and did not operate as a complete bar to recovery with respect to other asserted theories of liability. By contrast, in the present matter, distinct theories of liability are directed against different defendants. The ICA correctly deduced that "the premise of HRS § 663-31 is that, `in the action,' recovery is against defendants whose liability is based on negligence." (Emphasis added.) But this is precisely why Discovery Bay's conduct necessarily fell within the ambit of the statute, inasmuch as negligence was the sole theory advanced against it as the basis for imposing liability.
HRS § 663-31 provides in relevant part that "if the [proportion of negligence attributable to the person, for whose injury, damage, or death recovery is sought,] is greater than the negligence of the person or... the aggregate negligence of such persons against whom recovery is sought, the court will enter judgment for the defendant." Thus, by its plain language, the statute requires that judgment be entered in favor of Discovery Bay, inasmuch as the jury's special verdict apportioned greater fault to Dennis than to Discovery Bay.[5] There is no discernible reason why Discovery Bay should lose the protection of HRS § 663-31 merely because *650 its codefendant committed an intentional tort. The public policy underlying the decision to permit recovery in strict product liability actions subject only to reduction to the extent of the purely comparative degree of a plaintiffs contributory negligencei.e., the "desire to create economic incentives for safer products," see Armstrong, 69 Haw. at 182, 738 P.2d at 83, as reflected in Hao, Armstrong, and Kaneko, simply has no bearing on the facts of this case. Thus, insofar as HRS § 663-31 governs the plaintiffs' negligence claim against Discovery Bay, the construct of pure comparative negligence is inapplicable thereto.

IV. CONCLUSION

Based on the foregoing discussion, inasmuch as the jury found Discovery Bay's negligence to be less than that of Dennis, the circuit court correctly granted Discovery Bay's motion for final judgment pursuant to the special verdict. We therefore reverse the ICA's opinion in this respect and affirm the circuit court's judgment and consequent order. In all other respects not inconsistent with this opinion, the ICA's decision is affirmed.
NOTES
[1] HRS § 663-31 provides in relevant part:

Contributory negligence no bar; comparative negligence; findings of fact and special verdicts. (a) Contributory negligence shall not bar recovery in any action by any person or the person's legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.
(b) In any action to which subsection (a) of this section applies, ... in a jury trial, the jury shall return a special verdict which shall state:
(1) The amount of damages which would have been recoverable if there had been no contributory negligence; and
(2) The degree of negligence of each party, expressed as a percentage.
(c) Upon the making of the findings of fact or the return of a special verdict, as is contemplated by subsection (b) above, the court shall reduce the amount of the award in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made; provided that if the said proportion is greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, the court will enter a judgment for the defendant.
[2] The "enterphone" is evidently a communication device that permits visitors to the Discovery Bay complex to contact their hosts from a telephone located near the entry. A resident wishing to admit the guest into the complex could then "buzz" that person in through a designated door.
[3] The circuit court entered a partial directed verdict on Ozaki's individual claim because she was not a surviving spouse, child, father, mother, or a person wholly or in part dependent upon the deceased and, therefore, was ineligible to maintain a wrongful death action pursuant to HRS § 663-3 (1993).
[4] HRS § 663-10.9 provides in relevant part:

Abolition of joint and several liability; exceptions. Joint and several liability for joint tortfeasors as defined in section 663-11 is abolished except in the following circumstances:
(1) For the recovery of economic damages against joint tortfeasors in actions involving injury or death to persons.
(2) For the recovery of economic and noneconomic damages against joint tortfeasors in actions involving:
(A) Intentional torts[.]
....
(3) For the recovery of noneconomic damages in actions, other than those enumerated in paragraph (2), involving injury or death to persons against those tortfeasors whose individual degree of negligence is found to be twenty-five per cent or more under section 663-31. Where a tortfeasor's degree of negligence is less than twenty-five per cent, then the amount recoverable against that tortfeasor for noneconomic damages shall be in direct proportion to the degree of negligence assigned.
HRS § 663-11 (1993) defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them."
[5] In light of the fact that the circuit court correctly entered final judgment in favor of Discovery Bay and against the plaintiffs pursuant to the jury's special verdict, it follows tautologically that Discovery Bay and Sataraka are not "joint tortfeasors" within the meaning of HRS § 663-11, see supra note 4, because Discovery Bay and Sataraka cannot be "jointly or severally liable" to the plaintiffs for the injuries arising out of Dennis's death. The definition of "joint tortfeasors" set forth in HRS § 663-11 "is based on liability." Saranillio v. Silva, 78 Hawai`i 1, 10, 889 P2d 685, 694, reconsideration denied, 78 Hawai`i 421, 895 P.2d 172 (1995). In this connection, "[t]he basis of liability is not relevant, nor is the relationship among those liable for the tort.... The point is that both [tortfeasors] are (at least) `severally' liable for the same injury to the plaintiff." Id. (some emphasis and brackets added and some in original) (citations and internal quotation signals omitted). And a tortfeasor, such as Discovery Bay, cannot be jointly and/or severally liable with another unless "[t]he person who has been harmed can sue and recover from both...." Black's Law Dictionary 914 (6th ed. 1990) (emphasis added); see id. at 915 (defining "liable" in relevant part to mean "compellable to make ... compensation" and "accountable for or chargeable with").

Had the jury, for example, apportioned ninety-two percent of the total fault to the intentional conduct of Sataraka, five percent to the negligent conduct of Discovery Bay, and three percent to the negligent conduct of Dennis, the result would be quite different. Under those circumstances, HRS § 663-31(a) would not bar the plaintiffs from recovering against Discovery Bay because Dennis's negligence would not have been "greater than the negligence of the person or[,] in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought...." See supra note 1. Thus, Sataraka and Discovery Bay would be "joint tortfeasors" within the meaning of HRS § 663-11, and Discovery Bay would be liable for its pro rata share of the plaintiffs' economic damages pursuant to HRS §§ 663-10.9(1) and (3). See supra note 4; see also Tabieros v. Clark Equip. Co., 85 Hawai`i 336, 397-98 & n. 52, 944 P.2d 1279, 1340-41 & n. 52 (1997); HRS § 663-12 (1993).