**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000923
27-DEC-2021
01:16 PM
Dkt. 85 SO**

NO. CAAP-17-0000923

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

DONNA M. PEAKE, Plaintiff-Appellee, v.
SAMANTHA K.K. LABATAD, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KO‘OLAUPOKO DIVISION
(CIVIL NO. 1RC17-1-6007)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

In a case arising from a personal injury claim,
Defendant-Appellant Samantha K.K. Labatad (**Labatad**) appeals from
the Judgment, entered on December 1, 2017, and the Findings of
Fact, Conclusions of Law, and Order (**FOF/COL/Order**), entered on
February 26, 2018, in the District Court of the First Circuit,
Ko‘olaupoko Division (**District Court**).[1]

On September 29, 2017, Plaintiff-Appellee Donna M.
Peake (**Peake**) filed a Complaint against Labatad, alleging that
Labatad punched her in the face, causing severe bruising,
scratches, and other injuries.[2] On November 9, 2017, Labatad
filed a Counterclaim, alleging "Assault; Battery; Defamation; and

---

[1] The Honorable Maura M. Okamoto presided.

[2] The State of Hawai‘i also charged Labatad via complaint with
Assault in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**)
§ 707-712(1)(a) (2014). A jury found Labatad guilty of the charged offense,
and a judgment of conviction and sentence was entered against her. On
August 18, 2021, this court vacated the judgment based on instructional error
and remanded the case for a new trial. See State v. Labatad, No. CAAP-17-
0000879, 2021 WL 3701789, at *1, *9 (Haw. App. Aug. 18, 2021) (SDO).

Comparative Fault/Negligence" and seeking a judgment against Peake in the amount of $100.

On November 17, 2017, at the conclusion of a bench trial, the District Court orally ruled in favor of Peake on the Complaint. The court also stated: "I am finding that there was no comparative negligence here and the counterclaim is invalid. I am not awarding anything to the defendant on the basis of the counterclaim."[3/] On December 1, 2017, the District Court entered the Judgment in favor of Peake and against Labatad in the sum of $2,660, comprising a "[p]rincipal [a]mount" of $2,581, "[s]ervice [f]ees" of $43, and "[m]ileage for [s]ervice" of $36. On February 26, 2018, the District Court entered the FOF/COL/Order, which, among other things, ordered that "[j]udgment be entered in favor of . . . Peake against . . . Labatad as to the counterclaim with no damages to be awarded."

On appeal, Labatad contends that the District Court erred in: (1) finding that Peake was not contributorily negligent; (2) admitting into evidence Peake's Exhibit 1B ("Work Status Report") over Labatad's hearsay objection, and awarding $600.00 in special damages for lost wages; (3) awarding $981 in special damages for medical expenses, where "Peake would be reimbursed by insurance and [thus] . . . receive a double recovery[,]" and where such expenses "were not established . . . to have been reasonable and necessary"; and (4) awarding $1,000 in damages for pain and suffering "because the amount is unreasonable and out of proportion to the damages sustained by Peake."[4/]

---

[3/]     Prior to the start of trial, the District Court informed Labatad that "[D]efamation . . . is not before the District Court, . . . that's not within our jurisdiction." Labatad's counsel responded, "Yes, yes. Your honor, that's fine."

[4/]     Labatad's points of error have been consolidated and reordered for clarity.

Labatad asserts in the background section of the opening brief that the District Court "relied on the verdict in the criminal case to establish Labatad's liability." However, Labatad does not identify or argue this assertion as a point of error, and it is therefore waived. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), (7). Moreover, Labatad does not dispute her liability, except to the extent she challenges the District Court's

continued . . .

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Labatad's contentions as follows:

(1) Labatad contends that the "trial court made no ruling on whether the plaintiff's negligence was a defense to the defendant's liability for an intentional tort." Labatad argues that, "[b]ecause Hawaii's comparative negligence statute HRS § 663-31[5] only applies to torts of negligence, this Court should fashion a common law rule outside the statute that contributory negligence is a defense to intentional torts under pure comparative negligence principles."[6] (Footnote added.)

We need not decide in this case whether contributory negligence is a defense to intentional torts under pure comparative negligence principles. At the conclusion of trial, the District Court "f[ound] that there was no comparative

_____

. . . continued

purported lack of findings or conclusions on the issue of contributory negligence. As explained below, unchallenged findings by the District Court support its determination that there was no comparative (or contributory) negligence by Peake and that Labatad's counterclaim failed.

[5]     HRS § 663-31 (2016) states, in relevant part:

> (a) Contributory negligence shall not bar recovery in any action by any person or the person's legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person or in the case of more than one person, the aggregate negligence of such persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.

[6]     The Hawaiʻi Supreme Court has relied on the following explanation of "pure comparative negligence":

> In this form, a plaintiff's contributory negligence does not operate to bar his recovery altogether, but does serve to reduce his damages in proportion to his fault. The system in this form is designed to compensate an injured party for all of the harm attributable to the wrongdoing of the defendant; when multiple defendants are involved, all are liable to the plaintiff for their respective shares of the loss, even though some may have been less negligent than he. . . .

Hao v. Owens-Illinois, Inc., 69 Haw. 231, 235 n.4, 738 P. 2d 416, 418 n.4 (1987) (quoting W.P. Keaton, Prosser and Keaton on The Law of Torts § 67, at 472 (5th ed. 1984)).

negligence here . . . ."  The court thus necessarily found there was no contributory negligence.  See supra note 6.

Labatad asserts that in the subsequent FOF/COL/Order, the Circuit Court "entered no Finding of Fact or Conclusion of Law on the issue of contributory negligence."  However, Labatad first raised the related issue of "Comparative Fault/Negligence" in the Counterclaim.  See District Court Rules of Civil Procedure (**DCRCP**) Rule 8(c).  Thus, it appears that at trial, the District Court addressed the issue of contributory/comparative negligence by reference to the Counterclaim.  Consistent with the court's ruling at trial that "there was no comparative negligence here and the counterclaim is invalid[,]" the subsequent FOF/COL/Order includes the following FOFs and COL:

### FINDINGS OF FACT

. . . .

17.   In support of her Counterclaim[,] [Labatad] testified that she was acting in self-defense when she struck [Peake] in the jaw.

18.   [Labatad] testified that [Peake] had touched the back of her head and that was what caused her to turn and punch [Peake] in the jaw.

19.   Morris testified on behalf of [Labatad].

20.   Morris credibly testified that he did not see [Peake] touch [Labatad].

. . . .

### CONCLUSIONS OF LAW

. . . .

8.    [Labatad]'s counterclaim fails due to lack of any credible evidence to support her claim.

Labatad does not challenge FOFs 17 through 20.  The findings are therefore binding on appeal and support the District Court's mixed finding of fact and conclusion of law that there was no credible evidence to support Labatad's Counterclaim, which included her comparative negligence claim.  See State v. Rapozo, 123 Hawaiʻi 329, 334 n.4, 235 P.3d 325, 330 n.4 (2010); Bremer v. Weeks, 104 Hawaiʻi 43, 63, 85 P.3d 150, 170 (2004); see also Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001) ("the credibility of witnesses and the weight to be

4

given their testimony are within the province of the trier of fact and, generally, will not be disturbed on appeal." (citing State v. Jenkins, 93 Hawaiʻi 87, 101, 997 P.2d 13, 27 (2000))). Accordingly, we conclude that the District Court did not err in finding that Peake was not comparatively (or contributorily) negligent.

(2) Labatad contends that the District Court (a) improperly admitted Peake's Exhibit 1B into evidence over Labatad's hearsay objection, and (b) improperly awarded Peake $600.00 in special damages for lost wages, where such damages were not established by a preponderance of the evidence.

At trial, Peake offered into evidence Exhibit 1B, a "Work Status Report," dated November 2, 2016, purportedly authored by Peake's treating physician, Jocelyn M. Sonson, M.D. (**Sonson**), stating that "[Peake] is placed off work from 11/2/2016 through 11/4/2016[.]" The District Court admitted the Work Status Report into evidence over Labatad's hearsay objection.[7]

Labatad argues that "[t]he statement in the Work Status Report was a statement offered to prove the truth of the matter asserted by an out of court declarant[,]" and no hearsay exception applied. Indeed, the Work Status Report was offered to prove that Peake was placed "off work" for the identified time period, and cited by the District Court in FOF 11 for that purpose.[8] Sonson did not testify at trial, and the statement at issue was hearsay. See Baker, 124 Hawaiʻi at 467, 248 P.3d at 233. No hearsay exception was offered or ruled upon, and none is apparent based on Peake's testimony at trial. The District Court thus erred in admitting Exhibit 1B into evidence.

The error, however, was harmless. See DCRCP Rule 61; Bank of Hawaii v. Shinn, 120 Hawaiʻi 1, 20, 200 P.3d 370, 389 (2008) (construing HRCP Rule 61). The District Court found in

[7] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Baker v. Bielski, 124 Hawaiʻi 455, 467, 248 P.3d 221, 233 (App. 2011) (quoting Hawaii Rules of Evidence (**HRE**) Rule 801). "Hearsay is not admissible, unless it falls under a hearsay exception." Id. (citing HRE Rules 802, 802.1, 803, and 804).

[8] FOF 11 states: "[Peake] was placed 'off work' by the treating physician from November 2, 2016 - November 4, 2016. [Peake's] Exhibit 1B."

FOF 12 that "[Peake] credibly testified that she worked doing translation work and was paid at the rate of $200 per day for this work, and that due to the injury she was not able to work for three days and was not paid for those days." Labatad does not challenge FOF 12, which is based on independent evidence unrelated to Exhibit 1B, is binding on appeal, and supports the District Court's COL 6 awarding Peake $600 for lost wages.[9] See Rapozo, 123 Hawaiʻi at 334 n.4, 235 P.3d at 330 n.4. In these circumstances, Labatad has failed to demonstrate how the District Court's admission of Exhibit 1B affected her substantial rights. See DCRCP Rule 61.

Accordingly, we conclude that the District Court did not err in awarding Peake $600.00 in special damages for lost wages.

(3) Labatad contends that the District Court improperly awarded Peake $981.00 in special damages for medical expenses, where Peake "would be reimbursed by her insurer after making the payment[,]" and where such expenses were not established to have been "reasonable and necessary."

At trial, Peake introduced into evidence a medical bill from Kaiser Permanente, and testified that the bill had not yet been paid. At the close of Peake's case, Labatad moved for judgment as a matter of law against Peake on the ground that she "ha[d] not presented sufficient evidence to support her claim for damages." The District Court denied the motion. In Labatad's closing argument, she contended:

> [B]ased on the evidence and credible testimony presented here, [Peake] has not established that she sustained any economic damages . . . .
>
> Number one, the claimed medical bill is an insurance payment, has not been presented to the insurance company for payment. There is no evidence of copayments made by plaintiff and she has testified herself that she has not

---

[9] We also note that Peake's credible testimony alone was sufficient to reasonably establish her claim for lost wage damages. See, e.g., Miller v. Allman, 813 S.E.2d 91, 109 (W. Va. 2018) ("A number of courts around the country that have addressed the issue have held, and we so hold, that 'a plaintiff's testimony alone is sufficient to prove lost wages as long as the testimony . . . reasonably establishes the claim.'" (brackets omitted) (quoting Guidry v. Bernard, 155 So. 3d 162, 169 (La. Ct. App. 2014), and citing numerous cases)).

made payments on this matter.

On appeal, Labatad contends that "because [Peake] would be reimbursed by her insurer after making the payment[,] . . . [t]his reimbursement was a double recovery and windfall for Peake."

Labatad's argument fails for two reasons.  First, Labatad cites no evidence in the record that Peake "would be reimbursed by her insurer after making the payment."  Peake testified to the contrary.  Second, Labatad's argument ignores the collateral source rule.

> The "collateral source rule," in general, provides that benefits or payments received on behalf of a plaintiff, from an independent source, will not diminish recovery from the wrongdoer.  Ellsworth v. Schelbrock, 235 Wis. 2d 678, 611 N.W.2d 764, 767 (2000).  "Under the collateral source rule, a 'tortfeasor is not entitled to have its liability reduced by benefits received by the plaintiff from a source wholly independent of and collateral to the tortfeasor[.]'" Sam Teague, Ltd. v. Hawaiʻi Civil Rights Comm'n, 89 Hawaiʻi 269, 281, 971 P.2d 1104, 1116 (1999) (quoting Sato v. Tawata, 79 Hawaiʻi 14, 18, 897 P.2d 941, 945 (1995)).

Bynum v. Magno, 106 Hawaiʻi 81, 86, 101 P.3d 1149, 1154 (2004) (footnote omitted).  Thus, Labatad was not entitled to have her liability for Peake's medical expenses eliminated or reduced due to payments or benefits Peake could potentially receive from her insurer.

Labatad also contends that "the [District] Court improperly awarded medical expenses . . . to Peake without finding that they were reasonable and necessary."  (Letter casing altered.)  "In an action to recover medical expenses caused by a defendant's negligence, a plaintiff must show that the medical services obtained were necessary and the charges were reasonable as required for the injuries sustained."  Bynum, 106 Hawaiʻi at 86–87, 101 P.3d at 1154–55 (citing Reinhardt v. Cty. of Maui, 23 Haw. 524, 527 (1916)).  Under HRE Rule 303(c)(16), "[a] bill for goods or services that has been paid is presumed to be authentic and to embody fair and reasonable charges for the itemized goods or services."

Here, there is insufficient evidence as to the reasonableness of Peake's medical bill.  Peake testified at trial that she had not yet paid her Kaiser Permanente bill.

Accordingly, the bill was not presumed to embody fair and reasonable charges pursuant to HRE Rule 303(c)(16), and Peake was required to prove that the charges for those services were reasonable.  See Bynum, 106 Hawaiʻi at 86–87, 101 P.3d at 1154–55; cf. Gilding v. State, No. CAAP-11-0000325, 2012 WL 2505495, at *3 (Haw. App. June 29, 2012) (mem.) (stating that after evidence of paid bills was admitted, the burden shifted to the defendant to prove that "the bills were not authentic, fair, or reasonable").  Inasmuch as Peake did not offer any evidence at trial concerning the reasonableness of the charges she incurred for medical services,[10/] she did not meet her burden of proof, and the District Court erred in awarding Peake $981.00 in special damages for medical expenses.

(4)  Labatad contends that the District Court improperly awarded $1000.00 in general damages to Peake for pain and suffering.

"General damages 'encompass all the damages which naturally and necessarily result from a legal wrong done,' [Ellis v. Crockett, 51 Haw. 45, 50, 451 P.2d 814, 819 (1969)], and include such items as 'pain and suffering, inconvenience, and loss of enjoyment which cannot be measured definitively in monetary terms.'"  Lima v. Deutsche Bank Nat'l Tr. Co., 149 Hawaiʻi 457, 466, 494 P.3d 1190, 1199 (2021) (brackets omitted) (quoting Bynum, 106 Hawaiʻi at 85, 101 P.3d at 1153).

> A finding of an amount of damages is so much within the exclusive province of the jury that it will not be disturbed on appellate review unless palpably not supported by the evidence, or so excessive and outrageous when considered with the circumstances of the case as to demonstrate that the jury in assessing damages acted against the rules of law or suffered their passions or prejudices to mislead them.

Brown v. Clark Equip. Co., 62 Haw. 530, 536, 618 P.2d 267, 271–72 (1980) (brackets omitted) (quoting Vasconcellos v. Juarez, 37 Haw. 364, 366 (1946)).  "A similar test is used in a jury-waived case and the inquiry on review is limited to whether, 'upon the

---

[10/]  Peake adduced sufficient evidence to establish that the medical services she obtained were necessary.  For example, based on Peake's testimony, the District Court entered FOFs 9 and 10 (quoted infra), which Labatad does not challenge.

evidence adduced, reasonable men could have come to the same conclusion as the jury, or the trial court in a jury-waived case.'" Kang v. Harrington, 59 Haw. 652, 663, 587 P.2d 285, 292 (1978) (quoting Lima v. Tomasa, 42 Haw. 478, 483 (1958)). "The Hawaiʻi Supreme Court has determined that pain and suffering is measured by what the trier of fact 'considers will reasonably compensate the plaintiff for the pain and suffering or anguish in light of the intensity and exten[t] thereof as disclosed by the evidence.'" Polm v. Dep't of Hum. Servs., No. CAAP-13-0004020 2014 WL 7390879, at *21 (Haw. App. Dec. 30, 2014) (mem.) (quoting Barretto v. Akau, 51 Haw. 383, 394, 463 P.2d 917, 923 (1969)).

Labatad argues that the $1000.00 award for pain and suffering "was clearly erroneous" because the only evidence Peake presented was her own testimony. Although Labatad is correct that Peake did not present any admissible evidence of her pain and suffering apart from her own testimony, we have previously recognized that "there is no authority that 'sufficient evidence of pain and suffering' could not be based on the plaintiff's testimony." Martin v. C. Brewer & Co., No. 29570 2013 WL 639320, at *2 (Haw. App. Feb. 21, 2013) (SDO).

The District Court's relevant findings of fact include the following:

> 7.    [Peake] credibly testified that during this confrontation she was punched in the jaw area by [Labatad.]
>
> . . . .
>
> 9.    [Peake] went to the Emergency Room because of her injury caused by [Labatad].
>
> 10.    [Peake] credibly testified that she felt nausea and pain and that an x-ray was taken. The x-ray showed that the jawbone was not broken and that no treatment was necessary other than to take medication for the pain as necessary.
>
> . . . .
>
> 14.    In support of her claim for pain and suffering, [Peake] testified that her jaw was swollen and she was in pain for five days.

Labatad does not challenge FOFs 7, 9, and 10, which are binding on appeal and support the award for pain and suffering. See Rapozo, 123 Hawaiʻi at 334 n.4, 235 P.3d at 330 n.4.

Although Labatad challenges FOF 14, Peake's testimony supports the finding, and we are not left with a definite and firm conviction that a mistake has been made. See Chun v. Bd. of Trs. of the Emps.' Ret. Sys. of Hawaiʻi, 106 Hawaiʻi 416, 430, 106 P.3d 339, 353 (2005). Based on the pain and suffering that Peake experienced as a result of her injury, as established by the evidence adduced at trial, the Circuit Court's award of $1,000 for pain and suffering was reasonable and not erroneous. See Kang, 59 Haw. at 663, 587 P.2d at 292; Polm, 2014 WL 7390879, at *21.

For the reasons discussed above, we vacate in part the December 1, 2017 Judgment and the February 26, 2018 Findings of Fact, Conclusions of Law, and Order, entered in the District Court of the First Circuit, Koʻolaupoko Division, only as to the award of $981.00 in special damages for medical expenses. We affirm in all other respects, and remand the case to the District court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, December 27, 2021.


On the briefs:

Grant K. Kidani
(Kidani Law Center)
for Defendant-Appellant.

Donna M. Peake,
Pro Se Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge